[Cite as *State v. Matson*, 2017-Ohio-7137.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2017-0026 |
| TIMOTHY R. MATSON | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:       Criminal Appeal from the Court of Common Pleas, Case No. CR2016-0053

JUDGMENT:       Affirmed

DATE OF JUDGMENT ENTRY:       August 7, 2017

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
GERALD V. ANDERSON II
ASSISTANT PROSECUTOR
27 North Fifth Street, PO Box 189
Zanesville, Ohio 43702-0189

For Defendant-Appellant

TIMOTHY R. MATSON
PRO SE
NOBLE CORR. INSTITUTION
15708 McConnelsville Road
Caldwell, Ohio 43724

*Wise, John, J.*

{¶1} Appellant Timothy R. Matson appeals the March 14, 2017, decision of the Muskingum County Court of Common Pleas denying his Petition for Post-Conviction Relief.

{¶2} Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3} On February 3, 2016, Appellant, Timothy R. Matson, was indicted on Count One: Possession of Drugs (Heroin) with a Major Drug Offender specification and a Firearm specification, a felony of the first degree; Count Two: Possession of Drugs (Methamphetamine) with a firearm specification, a felony of the second degree; Count Three: Possession of Drugs (Marijuana) with a firearm specification, a felony of the fifth degree; Count Four: Having a Weapon While Under Disability, a felony of the third degree.

{¶4} On August 23, 2016, counsel for Appellant, Attorney John Graceffo, filed a motion to withdraw as counsel of record. In his motion, counsel stated that he was informed by Appellant on August 17, 2016, that he had new counsel.

{¶5} On August 25, 2016, Appellant filed a motion to suppress.

{¶6} By Judgment Entry filed August 25, 2016, the trial court denied counsel's motion to withdraw.

{¶7} On August 26, 2016, Appellant entered a plea of guilty to the charges contained in the Indictment.

{¶8} By Judgment Entry filed August 31, 2016, the trial court sentenced Appellant as follows:

Count One: eleven (11) years and a mandatory fine of $10,000.00 and a mandatory one-year sentence on the Firearm Specification;

Count Two: a mandatory two (2) year sentence with a mandatory fine of $7,500.00 and a mandatory one-year sentence on the Firearm Specification.

Count Three: a stated prison term of twelve (12) months and a mandatory one-year sentence on the Firearm Specification.

Count Four: a stated prison term of twenty-four (24) months.

{¶9} The trial court ordered the sentences for Counts One and Two to be served consecutively and the sentences for Counts Three and Four to be served concurrently with each other and with Counts One and Two. The firearm specifications were to run consecutively, as required by law. Appellant was given an aggregate sentence of fourteen (14) years.

{¶10} Appellant did not file a direct appeal from his sentence and/or conviction.

{¶11} On March 3, 2017, Appellant filed a Petition for Post-Conviction Relief arguing that his trial counsel was ineffective because he failed to file a timely motion to suppress.

{¶12} On March 8, 2017, the State filed its Opposition to Defendant's Petition for Post-Conviction Relief.

{¶13} On March 14, 2017, the trial court denied Appellant's Petition for Post-Conviction Relief.

**{¶14}** Appellant now appeals, setting forth the following assignments of error:

## ASSIGNMENTS OF ERROR

**{¶15}** "I. DEFENSE COUNSEL WAS DEFICIENT IN FAILING TO FILE A TIMELY MOTION TO SUPPRESS THE EVIDENCE WHEN COUNSEL LEARNED THAT DETECTIVE WILHITE'S SUBMITTED A [sic] AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT THAT WAS RIDDLED WITH INTENTIONAL OR RECKLESS FALSEHOODS WHICH DEFICIENT REPRESENTATION PREJUDICED APPELLANT.

**{¶16}** "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT AN EVIDENTIARY HEARING ON APPELLANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL ON THE GROUNDS OF RES JUDICATA."

**I., II,**

**{¶17}** In his Two Assignments of Error, Appellant argues that he was denied the effective assistance of counsel, and that the trial court should have granted him an evidentiary hearing on said claim. We disagree.

**{¶18}** Upon review, we find Appellant's arguments are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for post-conviction relief. The *Perry* court explained the doctrine at 180–181 as follows:

> Under the doctrine of res judicata, a final judgment of conviction bars
> a convicted defendant who was represented by counsel from raising and
> litigating in any proceeding except an appeal from that judgment, any defense

or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶19} In reviewing Appellant's petition for post-conviction relief, we find the arguments therein could have been raised on direct appeal. We further find that Appellant's arguments do not raise any issues that are dependent upon evidence outside the trial court record.

{¶20} Upon review, we find the trial court did not err in denying Appellant's petition.

{¶21} Appellant's Assignments of Error I and II are denied.

{¶22} For the foregoing reason, the decision of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By: Wise, John, J.

Delaney, P. J., and

Baldwin, J., concur.

JWW/d 0731